# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| VINCENT E. REED, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | No. 4:16-cv-1444 SNLJ-PLC |
| STATE OF MISSOURI, | ) ) ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner Vincent E. Reed's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus. (Docket No. 1). Because the petition appears to be barred by § 2254's one-year limitations period, the Court will order petitioner to show cause why the petition should not be dismissed.

Petitioner pleaded guilty in the Circuit Court of St. Louis County to one count of criminal non-support, a class D felony, and on May 25, 2012 received a suspended imposition of sentence and a five-year term of probation. He did not file a notice of appeal with the Missouri Court of Appeals within ten days of the date his judgment became final. Petitioner filed the instant petition with this Court on September 12, 2016.

Under 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of

the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The instant petition has been filed more than four years after petitioner's state court judgment became final. The Court will therefore order petitioner to show cause why the petition should not be dismissed as time-barred. *See Day v. McDonough*, 547 U.S. 198 (2006) (before acting on its own initiative, the district court must give petitioner fair notice and an opportunity to present his position).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner shall show cause, in writing and **no later than thirty days from the date of this Order**, why this action should not be dismissed as time-barred.

**IT IS FURTHER ORDERED** that if petitioner fails to comply with this Order, this action will be dismissed.

Dated this 16th day of September, 2016.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE