UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| VINCENT E. REED, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:16-cv-1444 SNLJ-PLC |
| | ) | |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's response to the Court's September 16, 2016 Order to Show Cause. In the Order to Show Cause, the Court observed that the petition appeared to be barred by the limitations period in 28 U.S.C. § 2244(d), and ordered petitioner to show cause why the petition should not be dismissed as time-barred. Because petitioner has failed to demonstrate to the Court any circumstances warranting the application of equitable tolling in this case, the petition will be dismissed as untimely pursuant to Rule 4 of the Rules Governing § 2254 Proceedings.

On May 25, 2012, petitioner pleaded guilty in the Circuit Court of St. Louis County to one count of criminal non-support, a class D felony, and was sentenced to a five-year term of probation. He sought no review. Petitioner filed the instant petition more than four years later, on September 12, 2016.

Under 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

1

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The United States Court of Appeals for the Eighth Circuit has held that equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time or when the conduct of the respondent has lulled the plaintiff into inaction. *Jihad v. Hvass*, 267 F.3d 803, 805-06 (8th Cir. 2001). Equitable tolling, however, is "an exceedingly narrow window of relief." *Id.* at 805. "Pro se status, lack of legal knowledge or legal resources, confusion about or miscalculations of the limitations period, or the failure to recognize the legal ramifications of actions taken in prior post-conviction proceedings are inadequate to warrant equitable tolling." *Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004); *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) (holding that "even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted"); *Jihad*, 267 F.3d at 805-07 (unsuccessful search for counsel could not

warrant equitable tolling); *Flanders v. Graves*, 299 F.3d 974, 976-77 (8th Cir. 2002) (claim of actual innocence could not justify equitable tolling).

In his response to the Court's Order to Show Cause, petitioner stated that he was "entitled to relief" due to excusable neglect, fraud, irregular, void or satisfied judgment, that the Circuit Court of St. Louis County lacked personal jurisdiction over him, that he was not responsible for the crime of which he was convicted, and other conclusory statements. (Docket No. 6). Petitioner neither addressed the issue of the timeliness of his petition, nor made any arguments which could reasonably be construed as alleging circumstances meriting the application of equitable tolling. The Court therefore concludes that the petition is time-barred, and will dismiss it as such.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner Vincent E. Reed's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Docket No. 1) is **DISMISSED** pursuant to Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts.

A separate Order of Dismissal will be entered herewith.

Dated this 18th day of October, 2016.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE